UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE GISELE KAMANOU GOUNE,

Plaintiff,

-against-

SELECT PORTFOLIO SERVICING, INC.,

Defendant.

7:26-CV-6487 (JGLC) (JCM)

ORDER OF SERVICE

JUDITH C. McCARTHY, Chief United States Magistrate Judge:

Plaintiff Marie Gisele Kamanou Goune, of New Rochelle, New York, appears *pro se* and invokes the court's diversity jurisdiction. She sues Defendant Select Portfolio Servicing, Inc. ("SPS"), of Salt Lake City, Utah.

By order dated August 3, 2026, the court granted Plaintiff leave to proceed without prepayment of fees, that is, leave to proceed *in forma pauperis* ("IFP"). The Court directs service on Defendant SPS.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the assistance of the court and the United States Marshals Service ("USMS") to effect service.[1]

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that a summons and the complaint be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on Defendant SPS until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date that the summons for Defendant SPS is issued. If the summons and the complaint are not served on Defendant SPS within 90 days from the date that the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals'

*Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant SPS through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for Defendant SPS. The Clerk of Court is further instructed to issue a summons for Defendant SPS and to deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on Defendant SPS.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if she fails to do so.

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court further directs the Clerk of Court issue a summons for Defendant Select Portfolio Servicing, Inc. ("SPS"), complete a USM-285 form with the service address for Defendant SPS, and deliver all documents necessary to effect service of a summons and the complaint on Defendant SPS to the USMS.

SO ORDERED.

Dated: August 4, 2026
White Plains, New York

Judith C. McCarthy

JUDITH C. McCARTHY
Chief United States Magistrate Judge

---

failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

## SERVICE ADDRESS FOR DEFENDANT

Select Portfolio Servicing, Inc.
3217 South Decker Lake Drive
Salt Lake City, Utah 84119